

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 2, 1951

Hon. Weldon Cabaniss
County Attorney
Aransas County
Rockport, Texas

Opinion No. V-1227

Re: Authority of the com-
missioners' court to
fill by appointment a
vacancy on the govern-
ing board of Aransas
County Navigation Dis-
trict No. 1.

Dear Sir:

You have requested an opinion on the following questions:

"1. How is a single vacancy on the Board of Navigation and Canal Commissioners of the Aransas County Navigation District No. 1 to be filled?

"2. May the Aransas County Navigation District No. 1 bring itself within statutory provisions for the election of the Naviga- tion and Canal Commissioners (rather than appointment) and if they can be elected, what precedent formal action would be required?"

Section 1 of House Bill 817, Acts 51st Leg., R.S., 1949, ch. 213, p. 398, provides:

"Aransas County Navigation District No. 1 heretofore created under the provisions of the General Law (Chapter 9, Title 128, R.C.S. 1925) and composed of all territory situated in Aransas County, Texas, be and the same is hereby converted to a navigation District un- der the provisions of Article XVI, Section 59 of the Constitution of Texas <u>and shall hereaf- ter be governed by Chapter 5, page 7, Acts of the Thirty-ninth Legislature, Regular Session, 1925, and all amendments and additions there- to</u> and other Statutes heretofore or hereafter enacted, relating to navigation districts created under said Chapter 5." (Emphasis added throughout.)

Section 13 of Chapter 5, Acts 39th Leg., R.S.
1925 (Art. 8263h, Sec. 13, V.C.S.) provided that "should
any vacancy occur through the death or resignation of any
/navigation and canal/ commissioners, the same shall be
filled by the commissioners' court, or the navigation
board, as the case may be." The navigation board refer-
red to in this section is defined in Section 3 of the act.

In 1929, the Legislature enacted House Bill 204,
Acts 41st Leg., 1st C.S. 1929, ch. 103, p. 246 (Art. 8263a,
V.C.S.), which recited in its caption that the act was
"providing for the election of Navigation and Canal Com-
missioners of Districts created under authority of Article
16, Section 59 by amending Section 13 Chapter 5 of the
Acts of the 39th Legislature." In Att'y Gen. Op. 0-5192-A
(1943), it was held that navigation and canal commission-
ers in navigation districts created under Article 8263h
should be elected for their regular terms as required by
Section 5 of Article 8263a. Since by House Bill 817, su-
pra, the Aransas County Navigation District No. 1 is now
governed by the same law, we are of the opinion that sin-
gle vacancies occurring on the  board should be filled in
accordance with the provision  of Section 5 of Article
8263a, reading as follows:

". . . should any vacancy occur through the
death or resignation or otherwise of any Com-
missioner the same shall be filled by the re-
maining members of such Navigation and Canal
Commission; . . ."

Section 5 of Article 8263a contains a proviso,
stating that "this Section shall not apply to Navigation
Districts created pursuant to Section 52 of Article 3 of
the Constitution of Texas, or to any such District con-
verted or transformed into Navigation Districts under
Section 59 of Article 16 of the Constitution of Texas,
by virtue of Sections 1 and 2 of this Act, but the Navi-
gation and Canal Commissioners of such Districts shall
be appointed by the Navigation Board or the Commission-
ers' Court of the county having jurisdiction as hereto-
fore provided by law." This proviso is inapplicable to
the Aransas County Navigation District No. 1, since the
district was not converted by virtue of Sections 1 and 2
of Article 8263a but by an act of the Legislature. We
think the effect of House Bill 817, supra, was to make
the district subject to the statutes relating to naviga-
tion districts created under Article 8263h in the same
manner as if it had been originally created under that
statute.

In your second question, you ask whether the Aransas County Navigation District No. 1 may bring itself within statutory provisions for the election of its Navigation and Canal Commissioners.  In 1949 the Legislature amended Article 8263e, V.C.S., by adding the following section:

"Sec. 18-a.  The Board of Navigation and Canal Commissioners of any Navigation District coming within the purview of this Act may by resolution duly adopted by such Board provide for six-year terms of office for Navigation and Canal Commissioners of said District; provided that the terms of office of such Navigation and Canal Commissioners shall be so arranged that one (1) will expire every two (2) years.  At the first general election for the election of Navigation and Canal Commissioners next succeeding the adoption of the aforesaid resolution and held in any District coming within the purview of this Act and availing itself of the provisions of this Section by the adoption of such resolution, there shall be elected three (3) Navigation and Canal Commissioners for such District, which Commissioners shall hold office for terms of two (2), four (4) and six (6) years, respectively; the respective terms of office of said three (3) Commissioners elected at such first general election shall be determined in the following manner and by the following method:

"Such Commissioners, having been duly elected and after qualifying by taking the oath and bond now required by law, shall draw by lot and the Commissioner drawing the number One shall serve two (2) years, the Commissioner drawing the number Two shall serve for four (4) years, and the Commissioner drawing the number Three shall serve for six (6) years.  Upon expiration of the respective terms of said Commissioners the successor of each and all of them shall be elected thereafter for a term of six (6) years at a general election held in such District at the times and in the manner specified by this Act (Article 8263e, Vernon's Annotated Civil Statutes of Texas, Revision of 1925).

"The Navigation and Canal Commissioners of such District shall hold office after election and qualification until their successor shall be elected and qualified.  Nothing in this Section shall be construed as to prevent any Commissioner from succeeding himself.  Vacancies in such Board of Navigation and Canal Commissioners shall be filled in the manner specified in Section 22 of said Act.

"Navigation Districts created pursuant to Chapter 5 of the Acts of the Thirty-ninth Legislature in 1925, Regular Session, (Article 8263h, Vernon's Annotated Civil Statutes), may take advantage of this Act in the manner provided herein.

"The provisions of this Section are declared to be cumulative of and in addition to all other Acts now in force as to Navigation Districts affected hereby."

Under the authority of the above quoted provisions it is our opinion that the Board of Navigation and Canal Commissioners of the Aransas County Navigation District No. 1 may adopt the provisions of Article 8263e, V.C.S. by a resolution of the Board, and thereafter the election and terms of office for the Navigation and Canal Commissioners will be governed by Section 18-a of Article 8263e.

If the provisions of Article 8263d are adopted, vacancies thereafter occuring on the Board of Navigation and Canal Commissioners will be filled in accordance with the provisions of Section 22, which provide:

"All vacancies in the office of navigation and canal commissioners for such districts shall be filled by appointment by the board itself for the unexpired term.  In the event two vacancies occur at the same time, the remaining navigation and canal commissioners shall call a special election to fill such vacancies, and if he fails to do so within fifteen (15) days after such vacancies occur, or if the third place be vacant also, the judge or judges of the District Court or Courts of the Judicial Districts in which such navigation district lies, upon the petition of any

Hon. Weldon Cabaniss, page 5 (V-1227)

voter or creditor thereof, may order the holding of such election, fixing the date thereof and order the publication of notice of such election by the County Clerk of the county, and name the officers to hold such election. In any such election held by order of the district judge or judges, the returns of election shall be made and filed in the office of the Clerk of the District Court, and he shall declare the result thereof."

This opinion is not to be construed as passing on the constitutionality of Section 18-a of Article 8263e, V.C.S.

## SUMMARY

Single vacancies occurring in the Board of Navigation and Canal Commissioners of the Aransas County Navigation District No. 1 must be filled by the remaining members of the board. Art. 8263a, Sec. 5, V.C.S.

The Board of Navigation and Canal Commissioners may, by resolution, adopt the provisions of Section 18-a of Article 8263e, V. C.S., in which event the election and terms of office of such board would be governed by the provisions of that section. Vacancies occurring after such adoption must be filled in accordance with the provisions of Section 22 of Article 8263e, V.C.S.

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant